IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SHAWN SOWELL,

    Petitioner,                    CASE NO. 2:09-CV-1089
                                       JUDGE JAMES L. GRAHAM
    v.                               MAGISTRATE JUDGE E.A. PRESTON
                                       DEAVERS

MICHAEL SHEETS, WARDEN,

    Respondent.

OPINION AND ORDER

On October 14, 2011, the Magistrate Judge issued a Report and Recommendation recommending that the instant petition for a writ of habeas corpus be dismissed. Petitioner has filed objections to the Magistrate Judge's Report and Recommendation. Petitioner objects to the Magistrate Judge's recommendation of dismissal on the merits of habeas corpus claims one and six, in which he asserts he was denied his right to a public trial and denied effective assistance of counsel. For the reasons that follow, Petitioner's objections are OVERRULED. The Report and Recommendation is ADOPTED and AFFIRMED. This action is hereby DISMISSED.

In his first claim for relief, Petitioner contends that the trial court unconstitutionally prohibited his brother, Stefan Sowell, from trial proceedings in violation of *Waller v. Georgia*, 467 U.S. 39, 48 (1984). Petitioner argues he was denied his Sixth Amendment right to a public trial when the trial court summarily barred his brother from trial proceedings based on hearsay

1

representations of the prosecutor that Sowell had been reported making threatening gestures to a prosecution witness during trial. Petitioner submits that the trial court unconstitutionally failed to follow the four-part test set forth in *Waller* prior to issuing the order barring his brother from the court. He asserts that the trial court's failure to articulate an overriding interest or specific findings of fact to support the exclusion of Sowell from trial proceedings constituted structural error under *Waller.*

Petitioner raised the exclusion of Stefan Sowell from the courtroom as error in his post-conviction proceedings. The state appellate court found that this claim was barred by *res judicata:*

> [B]ecause the exclusion of Stephan Sowell from the courtroom occurred on the record at trial, this alleged error could have been raised on direct appeal. For this reason, postconviction collateral attack on this ground is barred by *res judicata*. . . . "

*State v. Sowell*, No. 07AP-809, 2008 WL 852601, at *6 (Ohio App. 10th Dist. March 31, 2008).

Even if this claim is not procedurally barred, Petitioner has failed to show that he is entitled to relief on this ground. To obtain habeas corpus relief, Petitioner must show the state appellate court's decision contravened or unreasonably applied clearly established federal law as set forth in the decisions of the United States Supreme Court or its decision "was based on an unreasonable determination of the facts" in light of the state court record. 28 U.S.C. 2254(d). This standard is a difficult one

2

to meet, because the purpose of habeas corpus relief is to function as a "'guard against extreme malfunctions in the state criminal justice systems,'" not as a method to correct ordinary state court errors. *Greene v. Fisher*, \_\_ S.Ct. \_\_, 2011 WL 5335411, at *3 (Nov. 8, 2011)(citing *Harrington v. Richter*, 562 U.S. \_\_, \_\_, 131 S.Ct. 770, 786 (2011) (quoting *Jackson v. Virginia,* 443 U.S. 307, 332, n.5 (1979) (Stevens, J., concurring in judgment)). The United States Supreme Court has stated, "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter,* 131 S.Ct. at 786.

For the reasons detailed in the Magistrate Judge's Report and Recommendation, this Court is not persuaded that Petitioner has met this standard here. *Waller* involved a total closure of proceedings related to a hearing on a motion to suppress evidence. Here, in contrast, the trial court excluded Petitioner's brother from further trial proceedings because the prosecutor reported that Sowell had been observed making threatening gestures to a prosecution witness during trial. At the time of the state appellate court's decision in this case, the United States Supreme Court had not addressed such a scenario.

In his sixth claim for relief, Petitioner asserts he was denied a fair trial because the trial court failed to *voir dire* the jury to determine whether they were affected in any manner by the

3

alleged threatening gesture of Stefan Sowell and that he was denied effective assistance of counsel because his attorney failed to request a *voir dire* of the jury. Petitioner should have, but did not, raise the issue on direct appeal. He attempted to raise his claims in post conviction proceedings, but the state appellate court explicitly refused to address the merits of his claims as barred under Ohio's doctrine of *res judicata*:

> [A]ppellant argues that the trial court erred in dismissing his. . . claim . . . that his trial counsel was ineffective for failing to request that the court voir dire the jury to determine whether Stephan Sowell had prejudiced any member by having allegedly made a threatening gesture toward witness Anthony Crump. (Petition, at 5-6.)
>
> ***
>
> [C]areful review of appellant's petition for postconviction relief reveals that [this]. . . claim for relief was based solely upon the prejudice that might have resulted from Stephan Sowell's allegedly threatening gesture. Because this alleged error, too, is reflected in the trial record, it could have been raised on direct appeal and is thus barred by *res judicata*. Accordingly, the trial court correctly dismissed it without a hearing.

*State v. Sowell*, No. 07AP-809, 2008 WL 852601, at *6 (Ohio App. 10th Dist. March 31, 2008). As discussed by the Magistrate Judge, Petitioner thereby has waived these claims for federal habeas corpus review.[1]

---

[1] Petitioner now contends that he raised this issue on direct appeal. The record fails to support this contention. Petitioner cites to that portion of the record in which he argued, and the court of appeals rejected, his position that his counsel had been ineffective for permitting a juror to serve on the trial after she expressed some anxiety about recognizing someone in the gallery. *See* Exhibit 5 to Return of Writ. These matters have nothing to do with the expulsion of Stefan Sowell from the courtroom.

4

In reviewing the post-conviction proceedings, the state appellate court went on discuss Petitioner's claim as follows:

> [A]ppellant argues that the trial court erred in dismissing his. . . claim . . . that his conviction is void because a fearful, non-impartial jury rendered it. Specifically, he argues that the jury was fearful because members of the jury witnessed the ejection of appellant's father and another individual, and the threatening gesture of appellant's brother. For support of this claim, appellant relied upon the affidavits of Joseph and Stephan Sowell. However, review of these affidavits reveals that appellant's father only speculates that members of the jury witnessed and heard his and another's ejection from the gallery, but offers no evidence of this fact. Moreover, appellant's brother unequivocally denies having made any threatening gesture. If he never made the gesture, then the jury did not witness it. Appellant has presented no operative facts supporting his argument that the jury was fearful and biased and, as such, the trial court correctly dismissed his third claim for relief without a hearing.
>
> Appellant[] . . . claim[s]. . . that his conviction is void because the trial court had an independent duty to voir dire the jury to determine whether any member had been "effected in any manner by alleged gestures by spectators, or actions or comments made by deputy sheriffs present in the courtroom and in the area outside the courtroom during the trial." . . . Again, appellant's evidence does not establish, but only speculates, that the jury was aware of the ejections of Joseph Sowell or the spectator who allegedly wiped his face. Moreover, Stephan Sowell denies having made any threatening gesture. Accordingly, appellant presented no operative facts sufficient to warrant a hearing on the issue whether the trial court had any duty to voir dire the jury about these events. Therefore, the trial court correctly dismissed appellant's fourth claim for relief.

*State v. Sowell*, 2008 WL 852601, at *6 (Ohio App. 10th Dist. March 31, 2008)(footnote omitted).

> [A]ppellant's father, Joseph, describes how he was ejected from the courtroom for laughing during testimony, and that a friend of the family was ejected for wiping

5

> sweat from his face. He states that he has "every reason to believe that the jury was aware of this incident * * *."
>
> He avers that he told appellant's attorney about these events, but the attorney did nothing. In his affidavit, appellant's brother, Stephan, states that a deputy sheriff removed him from the courtroom as the jury was departing, because, according to the deputy, he had made a gesture toward a witness that simulated the shooting of a gun. Stephan Sowell denies that he ever made such a gesture. Stephan Sowell states that the jury saw and heard him being removed from the courtroom, but that appellant's attorney was unaware of these events.

*State v. Sowell*, 2008 WL 852601, at *4 (footnote omitted).

Petitioner argues that, contrary to the factual findings of the state appellate court, the affidavits of Joseph and Stefan Sowell establish that members of the jury witnessed ejections of persons from the court room and that Stefan Sowell was not the sole person excluded from trial. He maintains that the affidavits demonstrate that the jury was biased such that the trial court's failure to *voir dire* the jury denied him a fair trial and defense counsel's failure to request such a *voir dire* constitutes ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984). Objections, at 9-10.

Assuming, *arguendo*, that Petitioner has properly preserved any of his sixth claim for federal habeas review, the record fails to support Petitioner's argument. Nothing in the record establishes that the jury would have known that Joseph or Stefan Sowell were associated with Petitioner. Moreover, as discussed by the state appellate court, nothing in the record reflects that any member of

6

the jury witnessed anything that would have caused prejudice against Petitioner. Petitioner's claim of juror bias is speculative and without record support. Stefan Sowell denied making any threatening gesture that would have caused prejudice. To the extent they are not barred from review due to his procedural default, Petitioner's claims fail to warrant federal habeas corpus relief. *See Bobby v. Dixon*, 312 S.Ct. 26 (2011)(Petitioner must establish an error "'beyond any possibility for fairminded disagreement")(quoting *Harrington v. Richter*, 131 S.Ct. 786-87).

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the foregoing reasons and for the reasons detailed in the Magistrate Judge's Report and Recommendation, Petitioner's objections are OVERRULED. The Report and Recommendation is ADOPTED and AFFIRMED. This action is hereby DISMISSED.

IT IS SO ORDERED.

Date: December 15, 2011           s/James L. Graham
                                          James L. Graham
                                          United States District Judge